Curia per
JohjvSON, J.
The Legislature have not in express terms provided that a conviction for retailing *333 spirits without a license, should operate as a license to retail for a year, or in the language of the brief, that the penalty imposed was a commutation for the license, and I know of no case, rule or principie, which would authorize the court to com3 to am h a Conclusion. It would indeed be rather a strange deduction that á conviction for an offence expressly pi ohiLited by law should operate as an authority to the accused to go on in the commission of the same offence. There is then no foundation for this ground.
A question of som'e difficulty arises out oí the facts reported by the presiding Judge. He states that this indictment charges the offence to have been committed before the bill on which he was convicted was found by the grand jury, and the question is, whether that conviction is not a bar to this prosecution on the ground, that every act of retailing prior to that time, constituted a part of the offence, and was admissible in evidence under the jrrosecution. When offences are, in their nature, distinct and independent, as murder, theft, &c. a conviction for one offence, would be íio bar to another prosecution for another offence of the same nature, although it is charged to have been committed on the same day — 1 Chitty’s Crim. Law, 188. 229. But when the offence includes in its nature a succession or continuation of acts which do not necessarily belong to any particular period, but from the daily habit and character of the offence, as public nuisances, bawdy houses and the like, the indictment may so charge it, and any fact going to establish it, anterior to the finding of the bill, may be given in evidence, and consequently a conviction would be a good bar to another prosecution for a fact committed before the finding of the bill — 1st. Chitty’s Crim. Law, 189. 230. and the difficulty in this ease, is in determing to which of these classes of cases this offence belongs. The acts of *334 1784,1st. Brev. 418, and 1801, 1st. Brer. 420, both'relate to th>s subject and together constitute the entire system, and without entering o» a minute analysis of all their provisions, so far as ihisoa’e L con earned, their spirit and meaning may be sun: in 1 up in ¡.he following words, viz. that if any per,ion orpe’ ;.u.’ Nall retail spirituous liquors, or keep a tavern without a license, they shall for every such offence forfeit and pay the sum of $100. The words every such offence, which are used in the act of 1824, it is said is conclusive on this question, and clearly refer each act to that class of offences which are denominated distinct and independent, and consequently that each act was the subject of prosecution.— But this, I think, is petitio principii; for if the offence consists of a single act, or if it consists of a continuation of the same acts, it is yet but one offence, and we are left precisely where we would have been if those words had not been used in the act. The principle cannot, I think, be better illustrated than by the very case provided for in these acts. They prohibit the keeping of a tavern without a license; and what is it that constitutes the fact of keeping a tavern? It consists in opening a house for the reception and accommodation of all that may come, and receiving a compensation therefor. Now, if this be done but for one day, it completes the offence; and if it is continued for a month or a year, it is no more, because the thing is in its nature continuous ; and so I think, with regard to the offence of retailing. A single act may furnish a presumption of the consummation of the offence, but the proof of it would be more conclusive, if it consisted of a continuation and succession of acts, giving a decided character to the nature of the transaction; besides, the idea of continuance is inseparable from it.
Again, retailing consists in dealing out in very small quantities, and every sepárate act bears so strong a re *335 semblance lo tbe otliors. that, so to express it, they have no ear mark by which one can be distinguished from the other, and the danger of subjecting the accused to be twice punished for the same offence, furnishes an additional reason ¡'or referring it to that class of eases, where the mode of prosecution and the nature of the evidence to be given would shield them from it, and which, I think, is clearly admissible by the rules of law. The case is therefore oidered back for a new trial.
Nott, J. concurred.